**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JOESPH DISTEFANO, Individually )
and as Administrator of the Estate )
of Charlene DiStefano, his deceased )
wife, and NICHOLAS DISTEFANO, )
  )
      Plaintiffs, )
  )
      v. )    C.A. No. N21C-06-233 FJJ
  )
KARL MCINTOSH, M.D., )
KARL MCINTOSH, M.D., P.A., and )
ADVANCEXING PAIN & )
REHABILITATION CLINIC, P.A., )
  )
      Defendants. )

Submitted: September 10, 2024
Decided: September 11, 2024

## *ORDER*

***Upon Consideration of Advancexing Pain & Rehabilitation Clinic, P.A.'s
Motion to Bifurcate
DENIED.***

Having considered Defendant Advancexing Pain & Rehabilitation Clinic,
P.A.'s Motion to Bifurcate Trial and the Plaintiffs' Response, it appears to the Court
that:

1. On June 24, 2021, Plaintiffs filed a Complaint against Karl McIntosh, M.D., and Karl McIntosh, M.D., P.A. ("McIntosh") alleging survival and wrongful death claims based on McIntosh's treatment of the decedent.[1]

2. On October 1, 2021, Plaintiffs filed the First Amended Complaint joining Advancexing Pain & Rehabilitation Clinic, P.A. ("Advancexing") as a co-Defendant.[2]

3. On August 15, 2024, Advancexing filed this instant Motion to Bifurcate Trial under RULE 42(b) contending that trying the Defendants separately would avoid prejudice to Advancexing and be more efficient.[3]

4. On September 4, 2024, Plaintiffs filed their Opposition to this Motion indicating that separate trials for the Defendants does not align with the requirements under SUPERIOR COURT CIVIL RULE 42(b).[4]

5. RULE 42(b) states that the Court "may order a separate trial of any claim" if it is "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."[5] The Court has the discretion to determine whether to separate a trial.[6] Claims that have a common issue of law or fact are presumptively heard together.[7]

---

[1] Docket Item ("D.I.") 1.
[2] D.I. 5.
[3] D.I. 81.
[4] D.I. 87.
[5] Del. Super. Ct. Civ. R. 42(b).
[6] *Earl D. Smith, Inc. v. Carter*, 2000 WL 972825 (Del. Super. Ct. Apr. 20, 2000).
[7] *Id.* At 42(a). *McClean v. DiLiberto*, 2021 WL 5504977, at *2 (Del. Super. Ct. Nov. 16, 2021).

6. The Court determines whether separate trials would save "time, effort and cost, in contrast to additional inconvenience, delay and expense," as well as "whether the court can prevent confusion and prejudice."[8] Factors considered in this analysis include whether the court can avoid "overlap of evidence and witness testimony, double expense, judicial efficiency, undue hardship to the parties. . . [and] undue prejudice or jury confusion."[9]

7. Advancexing contends a consolidated trial would be prejudicial to Advancexing because Plaintiffs will likely introduce evidence pertaining to the "criminal nature of allegations against McIntosh" and of the punitive damages sought against him.[10] Advancexing is concerned this will cause the jury to confuse the allegations against McIntosh with their own actions in determining liability, which could lead to the Plaintiffs recovering in full from Advancexing under a joint and several liability theory. Advancexing further contends that the witnesses and burden of proof for each Defendant are different because "reasons for prescribing medications and the medications [themselves]" are different.[11]

8. Plaintiffs counter that a consolidated trial is not prejudicial because the theories of liability against each Defendant are separate and unique. Plaintiffs

[8] *McClean*, 2021 WL 5504977, at *3.
[9] *Id.*
[10] D.I. 81.
[11] *Id.*

argue that "the facts, the timeline, and the injuries remain indivisibly intertwined," and, if there were separate trials, similar documents and duplicate witnesses would be introduced at each trial.[12] Most importantly, Plaintiffs argue that two trials could lead to inconsistent verdicts.[13]

9. The Court agrees with Plaintiffs that there is no prejudice or convenience interest that warrants separate trials for the Defendants under RULE 42(b). The issue of liability among the Defendants is separate and unique, and a proper jury instruction will clarify any possible jury confusion or prejudice towards Advancexing.[14] Moreover, while the liability theory is different for each Defendant, the compensatory damages would be the same. If the Court were to allow separate trials, inconsistent verdicts would undoubtedly result. Additionally, Plaintiffs maintain that both doctors' joint actions caused the decedent's death. Therefore, Defendants must be tried together.

10. Moving Defendants also argue that bifurcation is required in this case because they may end up having to pay the entire award because they are insured and the Codefendants are not. The Joint Tortfeasor Act is the law of this state.[15] While the Act can seem harsh to defendants in the position of Moving Defendants, that is a consequence of the Act. The Act requires that fault be

---

[12] D.I. 87.
[13] *Id.*
[14] *Id. McClean*, 2021 WL 5504977, at *3.
[15] Uniform Contribution Among Tortfeasors Law, 10 *Del. C.* §§6301-6308.

apportioned among codefendants. In the instant case, each Codefendant has asserted a cross claim for contribution which will require apportionment if the jury finds both sets of Defendants liable. Separate trials would make it impossible for there to be the required apportionment. This set of circumstances is yet another reason why bifurcation is inappropriate in this case.

11. Advancexing has failed to meet the standard under RULE 42(b). The claims against each Defendant arise from the same factual issues. Separate trials would require multiple witnesses to appear twice and the use of similar evidence resulting in duplicity, ineffectiveness, and could result in inconsistent verdicts. The Court is prepared to give proper limiting instructions to avoid jury prejudice or confusion in determining the Defendants' separate liabilities and to make it clear which claims relate to which Defendant.

For the stated reasons, Defendant's Motion to Bifurcate Trial is **DENIED.**

**IT IS ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones Jr., Judge

cc:     Original to the Prothonotary
        Lauren A. Cirrincione, Esquire
        Maria R. Granaudo, Esquire